[No. 6045.]

EX PARTE WM. SMITH ON HABEAS CORPUS.

CONTEMPT OF COURT.—The provisions of the Code of Civil Procedure relative to contempt of Court and punishment therefor are as applicable to the Probate Court as to the District Court.

DISOBEDIENCE OF AN ORDER OF FINAL DISTRIBUTION of an estate is contempt of Court within the meaning of sec. 1209 of the Code.

OFFICE OF THE WRIT OF CERTIORARI IN REVIEWING PROCEEDINGS FOR CONTEMPT.—Where the Probate Court has jurisdiction, its judgment upon the issues in proceedings for contempt is final, and a review under a writ of *certiorari* only extends to the question whether the Court regularly pursued its authority.

SETTLEMENT OF AN ESTATE NOT AN ACTION.—The proceedings for the settlement of an estate are not a civil action within the meaning of sec. 15 of art. 1 of the Constitution.

EXECUTOR A TRUSTEE.—Money in the hands of an executor is held by him in trust, not as a debt.

EXECUTOR SUBJECT TO ATTACHMENT FOR CONTEMPT.—As a trustee for the heirs and creditors, and as an officer of the Court, an executor is subject to attachment for contempt.

Original application for a writ of *certiorari* to review proceedings of the Probate Court of the City and County of San Francisco, in punishing the relator for contempt.

The relator was one of the executors of the last will of R. D. Taylor, deceased, who was a resident of San Francisco, but died in New York May 4th, 1872. Previous to leaving San Francisco, where he had resided for a number of years, he executed a will, by which he devised all of his property to his brother and three sisters, and appointed as the executors of his will the relator William Smith, and Robert Smith, without bonds.

At the time deceased left San Francisco, he took with him one thousand six hundred dollars United States gold coin; twenty-four pounds sterling, English money; a promissory note made payable to him and made in his favor by the relator William Smith, for the sum of six thousand dollars, with interest at the rate of one per cent. per month from the 19th March, 1872; and a watch, chain, clothing, etc., etc. All of this property, after his decease, the Public Administrator of the City and County of New York took possession of. Letters testamentary

were duly issued to the relator and Robert Smith, his co-executor, by the Probate Court of the City and County of San Francisco, on the 25th day of July, 1872. No inventory or appraisement of the estate was ever made or filed by said executors. The relator and his co-executor filed in the Probate Court, on the 17th day of September, 1875, their final report, from which it appears the relator and his co-executor appointed as their agent and attorney in fact one Michaels, of New York City, to collect the assets of deceased in New York, and to close the administration there being had. The effects of deceased to the amount of seven thousand and fifty-four dollars and ninety-nine cents were turned over to Michaels; all of this sum, (except the sum of three hundred and ninety-four dollars, as they claim) the attorney in fact accounted for to them. Upon the settlement by the Probate Court of the final account, after payment of all claims, etc., the sum of three thousand five hundred and four dollars and twenty-nine cents was found due the estate and in the hands of the executors. The Probate Court thereupon ordered the account to be settled at three thousand five hundred and four dollars and twenty-nine cents to the debit of the executors; in aggregating this account the Court included the three hundred and ninety-four dollars, and on the 21st day of February, 1876, ordered the estate to be distributed as therein directed to the devisees. On the twenty-fourth of February, 1876, the executors appealed to this Court from the order of distribution, and from the order settling the account; but the only question raised on appeal was that charging the executors with the sum of three hundred and ninety-four dollars, collected by Michaels; and this Court held that the executors were not so chargeable, and remanded the cause with directions to the Probate Court to modify the orders accordingly. The remittitur was filed in the Probate Court on the 12th January, 1878, and on the 28th of January the decree was modified as directed by the Supreme Court, and a decree made ordering the balance due, three thousand five hundred and forty-six dollars and sixty-five cents, to be distributed to the distributees. This order the executors refused to obey, and the Court, after due proceedings had thereon, ordered the relator to be punished for contempt.

· *Lloyd & Newlands* and *J. M. Allen*, for Petitioner.

The Probate Court has no power under sec. 1209, nor any other section of the Code, to enforce a judgment for the payment of money by process of contempt. (*In re Bingham*, 32 Vermont, 375.)

The decree of distribution ordered Smith to pay a specified sum of money to distributees, which can be enforced by execution or by an action at law. All judgments for money must be enforced by execution. (Sec. 684 Code of Civil Procedure; *Fassett* v. *Tallmadge*, 14 Abb. Pr. 188; *Ex rel. Scott*, 1 Grant Cases [Term] 238.) By action. (Sec. 1666 Code of Civil Procedure.) Where there is another remedy, contempt will not lie. (*Ex parte Yates*, 4 Johns. 330, commencing "Baron Comyn's," etc.)

No person shall be imprisoned for debt in any civil action, except in cases of fraud. (Article I, Constitution of California.) Imprisonment in civil actions, only in cases specified in sec. 478, Code of Civil Procedure. The proceeding for contempt in this matter is a civil action or remedy. (*Doran* v. *Dempsey*, 1 Bradford, N. Y., 491; *Rex* v. *Stokes*, 1 Cowper, 136; Blackstone, Book 4, 284, 285, " 6 "; *Ex parte Latimer*, 47 Cal. 133.)

· *Burch & Griffith*, for Respondent.

Judgments and orders of Court made in contempt are final and conclusive. (Code of Civil Procedure, sec. 1222; *Larrabee* v. *Selby*, S. F. L. Journal, 147; *In re Falvey & Kilbourne* v. *Massing*, 7 Wis. 130; *Ex parte McCarthy*, 29 Cal. 399.)

Sec. 128, subd. 4, of the Code of Civil Procedure explicitly declares that every Court has power to compel obedience to its judgments, orders, and process; and sec. 1209 declares disobedience of any lawful judgment, order, or process is a contempt. In this case the Court had jurisdiction of the person and the subject matter, and acted within the scope of its authority by ordering the relator to be punished for contumaciously disobeying its orders and judgments. There must have been an excess of jurisdiction before the Court can interfere.

(*Coulter* v. *Stark*, 7 Cal. 244; *People* v. *Burney*, 29 Cal. 460; 19 Cal. 156; 42 Cal. 635; 43 Cal. 313; 45 Cal. 246.)

By the COURT:

The provisions of sec. 128 of the Code of Civil Procedure, respecting the incidental powers of Courts, and of sec. 1209 and following, defining contempts, and providing for their punishment, are as applicable to the Probate as to the District Courts. Among the powers enumerated in sec. 128 is the power of Courts to compel obedience to their judgment, orders, and process. The fifth subdivision of sec. 1209 declares that disobedience of any lawful judgment, order, or process of a Court is a contempt of the authority of the Court; and other sections of that article provide for the punishment of contempts.

The order which the petitioner disobeyed is the order of final distribution of the estate of R. D. Taylor, deceased, the petitioner being one of the executors of the last will and testament of said deceased; and this comes within the fifth subdivision of sec. 1209, above cited.

It being admitted that the Court had acquired jurisdiction of the proceedings instituted for the purpose of enforcing obedience to the order, its decision upon the issues of fact tendered in those proceedings is final, and alleged errors therein occurring are not the subjects of review under this writ. The review extends only to the question whether the Probate Court regularly pursued its authority. That Court having determined that the petitioner was guilty of disobedience of the order of final distribution, the only question remaining for consideration is whether the Court had authority to enforce obedience to the order of distribution, by ordering the petitioner to be imprisoned for contempt until he should obey said order.

It is manifest that the proceedings for the settlement of the estate of Taylor, deceased, are not a civil action, within the meaning of sec. 15, art. 1 of the Constitution; nor is the amount of money which by the order of distribution the executors are required to pay over to the distributees, a debt due from the executors to the distributees; and therefore the case

does not fall within the clause of that section of the Constitution inhibiting imprisonment for debt in a civil action. The Code does not provide for the issuing of an execution for the enforcement of an order of distribution; and it is apparent that in many cases such a remedy would be wholly inadequate. The executors hold the property of the estate *in trust* for the creditors and heirs and others interested in the estate, and as such trustees their obedience to the orders of the Probate Court may be compelled by proceedings for contempt, as fully as the same may be done by the District Court in the execution of a trust of which it has cognizance. A further and perhaps stronger argument in support of the proceedings in this cause may be deduced from the relation which the petitioner bears to the Probate Court. An executor, although holding the assets of the estate in trust, as above stated, is not merely a trustee, but is in one sense an officer of the Court. The Court makes and may revoke his appointment, and usually all his acts are performed under or subject to the direction of the Court, and have no validity until the Court gives its approval. In respect to those matters in which he acts only under the direction and subject to the approval of the Court, he may be regarded as an officer of the Court, and no argument is needed to show that as an officer his obedience to the orders of the Court may be enforced by attachment for contempt.

Questions in respect to the release of the executor from the obligation to comply with the order, or his inability to comply with it, cannot be considered by this Court under this writ.

Writ dismissed.