[No. 6,454.]

# WHEELER *v*. BOLTON.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—ACTION.—When a decree of distribution has been made, the Probate Court has no longer jurisdiction of the property distributed, (unless to compel delivery) and the distributee thenceforth has an action to recover his estate, or, in proper cases, its value.

ID.—PARTIES.—If one of two executors is absent from the State, the other can administer; and in such case, where one only has acted, and the decree of distribution refers to him alone, the absent executor is not a necessary party to an action against the other by a distributee to recover his share of the estate.

ID.—STATUTE OF LIMITATIONS.—ACTION.—In an action brought by a distributee against an executor to recover the value of land allotted to the plaintiff under a decree of distribution, the complaint alleged that by the decree it was adjudged that the defendant came into possession of the land in question as executor, and was chargeable with the same, and that he be charged with it; but further alleged, in effect, that prior to the rendition of the decree the land had been lost to the estate through the negligence of the defendant, by an adverse possession of intruders for more than five years. *Held*, 1st, that the complaint stated a good cause of action; and 2ndly, that it did not rest upon the last-mentioned averment, but was based on the decree of distribution, and (being in due time after the decree) that the action was not barred.

APPEAL from a judgment sustaining a demurrer to the complaint, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

In the prayer of the complaint the plaintiff demands judgment for the value of the land referred to.

The other facts are stated in the opinion.

*B. S. Brooks*, for Appellant.

The objection to the want of jurisdiction is answered by the statute. (Code Civ. Proc. § 1666.) There was no defect of parties; the decree of the Probate Court charged this defendant only. (Code Civ. Proc. § 1637–8.) The complaint set forth a good cause of action, viz., a final decree of a court of competent jurisdiction, requiring the defendant to deliver property to the plaintiff, and a demand for the delivery, and a neglect to comply; and as defendant has put it out of his power to deliver the possession, the plaintiff demands judgment for the value of the property as damages. The Statute of Limita-

tions does not apply.    The right of action is based on the decree
of the Probate Court of April 17th, 1876, and the suit was com-
menced August 6th, 1878.

*Daniel Rogers*, for Respondent.

The only matter which constitutes the cause of action here,
was involved and litigated in the Probate Court; and if any
property had been lost to the estate by the negligence of the
· executor, the Court had the power to charge him with the loss,
and its decree is conclusive upon all parties in interest.    (Code
Civ. Proc. §§ 1613, 1614, 1637, 1666; *Auguisola* v. *Arnaz*, 51
Cal. 438; *Estate of Livermore*, 43 Id. 551; *Kingsley* v. *Mil-
ler*, 45 Id. 95; *Reynolds* v. *Brumagim*, 54 Id. 254.)    The
plaintiff had the right, and it was equally her duty, to bring
suit against intruders upon the land.    (Code Civ. Proc. § 1452.)
Section 1666 of the Code of Civil Procedure provides that the
distributees may demand, sue for, and recover their respective
shares from the executor, or *any person having the same in pos-
session.*    The Code nowhere provides an action for damages,
but only a recovery of the thing itself, in whosesoever pos-
session the same may be.    The coexecutor should have been
joined as defendant.    Both executors qualified, and entered
upon the discharge of their duties, and both were equally cul-
pable.    The cause of action is barred by the Statute of Limita-
tions.    By the complaint it appears that more than five years
have elapsed since the negligence occasioning the alleged loss.
(Code Civ. Proc. §§ 336–343.)

Department No. 2, MYRICK, J.:

This is an appeal from a judgment rendered after an order
sustaining a demurrer, the plaintiff electing not to amend.

The complaint alleges that one Carmen died testate, devising
all the estate to plaintiff; that at the time of his decease he
was the owner of, and seized and actually possessed, and in the
actual occupancy of, a tract of land, described by metes and
bounds; that the will of the testator appointed defendant
Bolton and one Adams executors; that the will was probated,
and both the executors qualified and entered upon the discharge

of their duties; that thereafter, in 1855, Adams departed from this State, and has not since returned; that in 1875, defendant rendered his final account, and the Probate Court, by its decree, adjudged that defendant came into the possession, as executor, of said real estate, and was chargeable with the possession thereof, that the devisee (plaintiff) was entitled to have and receive said real estate, and that defendant be charged with said premises; that April 17th, 1876, the Probate Court made a decree of final distribution, in which decree plaintiff was adjudged to be entitled to the possession of said real estate, and defendant was required to deliver and surrender the possession of the same to plaintiff; that plaintiff has demanded of defendant the possession of the estate, and that defendant has refused and neglected to deliver the possession of the same or any part thereof; that defendant, in violation of his duties as executor, did not safely keep, retain, and protect his possession of said land, but allowed himself to be dispossessed, and the property and title lost to plaintiff; and plaintiff demands judgment for the value of the land. There is also an allegation that at some time, more than five years before the commencement of the proceedings for the rendition of the account of the defendant, defendant permitted the premises to be taken possession of by intruders without title, and surrendered the possession to the intruders, and there has been an actual continued occupation of the land by the intruders and their successors under a claim of title exclusive of any other right; and that plaintiff is unable to recover possession because the cause of action is barred by the Statute of Limitations.

Defendant demurred, on the grounds:

1st. This Court had no jurisdiction of the subject-matter of the action.

2nd. There is a defect of parties defendant, in that Adams should have been made a party.

3rd. The complaint does not state facts sufficient to constitute a cause of action.

4th. Waived.

5th. The cause of action is barred by §§ 336 and 343, Code of Civil Procedure.

The Court sustained the demurrer on the first, second, and

fifth grounds.   Plaintiff failing to amend, judgment went for de'endant, and plaintiff appealed.

The defendant cites, in support of the judgment of the Court below, the opinion of this Cour. in *Reynolds* v. *Brumagim*, January Session, 1880, and contends that plaintiff had her day in the Probate Court.   That case, however, does not apply to this case, so far as it is presented on demurrer, except to hold that the judgment of the Probate Court was conclusive.   The case presented by the complaint herein is entirely different from the case presented by *Reynolds* v. *Brumagim*.   Here we have allegations of a decree that the executor was chargeable with the possession of real estate, a distribution of the estate to the devisee, a direction that the executor deliver the estate to the devisee, and that the executor, after demand, has neglected and refused to deliver the same.   The complaint does not in any essential particular rest upon the averment that, at a time more than five years before commencing the proceedings for the account, the executor had violated his duty.   The complaint can be sustained even if that clause were omitted.   No motion to strike out was made.

Section 1666, Code of Civil Procedure, provides for the decree of distribution, and that the persons to whom distribution has been made may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession.   When a decree of distribution has been made, the Probate Cou · has no longer jurisdiction of the property distributed, unless to compel delivery (*Ex parte Smith*, 53 Cal. 204) ; and the distributee thenceforth has an action to recover his estate, or, in proper cases, its value.   If an executor had possession of property, his duty is not ended until he has delivered the property in accordance with the decree, and not till then can he have his discharge.   (Code Civ. Proc. § 1697.)   If property was in his possession, and has been distributed by decree, he cannot shield himself from obeying the decree by saying that the Probate Court alone had jurisdiction. We are, of course, considering this case as presented on demurrer to the complaint alone.

It is no objection that Adams was not joined.   The allega-

tion is that he left the State in 1855, and has not since returned; and that the Probate Court adjudged the defendant to be in possession. If one of two executors be absent from the State, the other can administer, and his accounts can be settled, and a distribution be had. The presence of Adams was not necessary. (Code Civ. Proc. § 1355.) There is no allegation that *he* was directed to deliver the property.

The action is not barred by the Statute of Limitations. The right of action is based on the decree of distribution of April 17th, 1876, and the complaint was filed August 6th, 1878.

The judgment is reversed, and the cause remanded to the Superior Court of the City and County of San Francisco, with instructions to overrule the demurrer, with leave to defendant to answer.

MORRISON, C. J., and THORNTON, J., concurred.