[No. 9943. Department One.—August 12, 1885.]

ELIZA C. MELONE, RESPONDENT, *v.* FRANKLIN DAVIS, APPELLANT.

ESTATE OF DECEDENT—ACTION TO RECOVER DISTRIBUTIVE SHARE—DEFENDANT INDIVIDUALLY LIABLE.—An action to recover the amount distributed to the plaintiff by the decree of distribution in the estate of a decedent should be brought against the defendant individually, and not in his representative capacity.

ID.—DEMAND NEED NOT BE ALLEGED.—In such an action the complaint need not allege a demand on the defendant as executor or administrator. The action itself is a sufficient demand.

ID.—INTEREST—TAXES.—An administrator who neglects to pay over to a distributee the amount awarded him by the decree of distribution, is liable for legal interest thereon from the time payment was ordered, and is not entitled to reimbursement for taxes subsequently paid by him on the distributive share.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The defendant in his answer set up a counter-claim for the amount of taxes paid by him on the distributive share of the plaintiff, after the decree of distribution was entered. The counter-claim was disallowed by the trial court, and a personal

judgment was entered against the defendant for the amount awarded to the plaintiff by the decree of distribution, with legal interest thereon from the time it should have been paid. The further facts are stated in the opinion.

    *J. H. & J. E. Budd,* for Appellant.

    A demand on the defendant as administrator was necessary before the action could be maintained. (*Jones* v. *Tanner,* 7 Barn. & C. 544; *Holland* v. *Clark,* 1 Younge & C. Ch. 167; *Schroeder* v. *Jahns,* 27 Cal. 274.)

    *August Muenter,* for Respondent.

    It was the duty of the defendant to pay the amount distributed to the plaintiff within the time limited by the decree. Where it is the duty to pay no actual demand is necessary. (*Halleck* v. *Moss,* 22 Cal. 266; *Cummings* v. *Howard,* 63 Cal. 504; *O'Connor* v. *Dingley,* 26 Cal. 19; *Stacy* v. *Graham,* 14 N. Y. 492; *School District* v. *Zink,* 25 Wis. 636; *Smith* v. *Emery,* 7 Halst. 53; *Watson* v. *Walker,* 23 N. H. 471; *Brent* v. *Maryland,* 18 Wall. 430.) The defendant was liable for interest. (Civ. Code, § 3287; *Mix* v. *Miller,* 57 Cal. 357; *Cummings* v. *Howard,* 63 Cal. 504; *Stacy* v. *Graham,* 14 N. Y. 492; *Kent* v. *Dunham,* 106 Mass. 586; *Jumel* v. *Jumel,* 7 Paige, 591; *Henry* v. *State,* 9 Mo. 778; *People* v. *Co. of N. Y.* 5 Cowen, 331; *Swett* v. *Hooper,* 62 Me. 54; *Page* v. *Fowler,* 39 Cal. 421; *Freeborn* v. *Norcross,* 49 Cal. 313; *Kelley* v. *McKibben,* 54 Cal. 192; *Davis* v. *Greely,* 1 Cal. 422.)

    SEARLS, C.—Defendant was administrator of the estate of one Joseph M. Davis, deceased.

    His final account as such was rendered, settled, and a decree of distribution made by the court.

    This action is brought to recover the amount or sum distributed to plaintiff by that decree, and which was by the terms of the decree ordered to be paid by the administrator within ten days from September 20, 1881.

    The cause was tried by the court, who filed findings in writing, and rendered judgment thereon in favor of plaintiff.

Defendant appeals from the judgment and the case comes up on the judgment roll.

Two points are urged by appellant. *First,* that the findings fail to show that a demand for payment was made upon defendant before suit was brought.

*Second,* that no action can be maintained against defendant as an individual until demand on him as an administrator, and refusal to pay.

One who receives money standing in the position of a trustee is in general not liable in an action for money received until demand is made or some breach of trust or duty committed. (*Walrath* v. *Thompson,* 6 Hill, 540.)

In the present case the money was received as administrator, and when the decree of distribution was made by the court requiring defendant within ten days to pay plaintiff the sum of money awarded her, and to make to her the assignments provided to be made to her, it became and was the plain duty of defendant to comply with the terms of the decree, and having for nearly three years failed so to do, he was guilty of a breach of duty, and no demand was necessary before suit brought.

The decree of distribution had in most respects all the efficacy of a judgment at law, or a decree in equity.

It could have been enforced by proceedings for contempt. (*Wheeler* v. *Bolton,* 54 Cal. 302.)

An action could be maintained upon it for non-compliance with its requirements, and we see no greater necessity for a demand than exists in case of suit upon an ordinary judgment at law, or before issuing execution upon a judgment.

Defendant was liable in contempt for not making payment under the decree, and as to him, suit brought was a sufficient demand. (*Cummings* v. *Howard,* 63 Cal. 503.) Second, the action was properly brought against defendant individually.

In actions against administrators and executors, founded upon promises made by the testator or intestate during his life, the defendant must be sued in his representative character; he may plead *plene administravit,* and the judgment will be not against him personally, but *de bonis testatoris.*

Not so, however, when an administrator or executor is sued upon his own promise or obligation, made or incurred after the

death. of the testator or intestate. It is not necessary to name the defendant as executor or administrator, though it has been held it may be done by way of description, but he may be proceeded against individually, and a judgment *de bonis propriis* had. (*Waldsmith* v. *Waldsmith*, 2 Ohio, 156.) No action can be maintained against an administrator *as such*, that is founded upon malfeasance or misfeasance, or for a tort. (*Eustace* v. *Jahns*, 38 Cal. 3.)

A claim against the estate must be presented to the administrator for allowance, before suit brought.

This was not a claim *against* the estate, but a demand for a part of the estate.

Defendant had been the admistrator; as such he had taken all the steps necessary to a distribution of the fund in hand. The court had made its decree requiring him to distribute to plaintiff the property and money sought in this suit. By refusing to comply with the decree he became personally liable to plaintiff as in case of *devastavit*.

The hardship of paying taxes on the property since 1881, complained of by counsel for appellant, is not entitled to consideration in view of the fact that had appellant performed his duty, by distributing the property as ordered by the court, the taxes thereon would not have devolved upon him to pay.

Like considerations are applicable to the complaint against the interest awarded by the court below.

We are of opinion the judgment of the court below should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is affirmed.