[S. F. No. 150.   Department One.—April 6, 1896.]

IN THE MATTER OF THE ESTATE OF JOHN A. CLARY, DECEASED. EMMA CLARY, RESPONDENT, *v.* A. E. CLARY, ADMINISTRATOR, ETC., APPELLANT.

ESTATE OF DECEASED PERSONS—JURISDICTION—ACCOUNTING AFTER DISTRIBUTION.—Under section 1697 of the Code of Civil Procedure, the probate court, notwithstanding the entry of a decree of distribution, retains jurisdiction over an executor or administrator, and of the property of the estate in his hands, until his final discharge, and may compel the proper disposition of such property in accordance with its decree, by punishing him, if necessary, as for contempt.

ID.—ACCOUNTING GOVERNED BY EQUITABLE PRINCIPLES—INTEREST.—In a proceeding in the probate court to compel an administrator to pay to an heir her distributive share, the power of the court is not limited to the specific property or amount awarded by the decree. It has jurisdiction to take an accounting or award interest according to equitable principles.

ID.—PLEADING — PROCEEDING IN EQUITY.—Conceding that the superior court in probate has no jurisdiction to make such accounting, if the petition states all the facts essential to a bill in equity for an accounting, and was answered on the merits, without objection to the form of the proceeding, it will be treated as a complaint in equity, notwith-

standing it was entitled in the estate, instead of being in the form of an independent action.

ID.—MISAPPROPRIATION BY ADMINISTRATOR—COMPOUND INTEREST.—An administrator who uses the distributive share of an heir in his own business is chargeable with legal interest, compounding annually from the date of its appropriation, if no higher rate of interest was realized from such use.

PRACTICE—BILL OF EXCEPTIONS—TIME OF SETTLEMENT.—The trial court should refuse to settle a proposed bill of exceptions, which was not prepared within the time allowed by the statute, or any authorized extension thereof.

ID.—VOID ORDER EXTENDING TIME.—An order of the judge granting an extension of the time within which to propose a bill of exceptions, made after the expiration of the statutory period, is ineffectual and void, and is properly ignored by the court in the proceeding for the settlement of the bill.

APPEAL from an order of the Superior Court of Alameda County ordering an administrator to account, and from an order refusing to settle a bill of exceptions. W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*C. W. Eastin,* for Appellant.

*Albert C. Aiken,* for Respondent.

VAN FLEET, J.—The administrator, upon distribution, took the share of the estate (consisting of moneys), distributed to an heir, and appropriated and used it in his own business through a series of years, concealing from the heir, a minor residing in his household, any knowledge that there was anything coming to her from the estate.

In due time, after arriving at the age of majority and discovering her rights, the heir applied to the probate court, the administrator not having been discharged of his trust, to require the latter to pay over to her such distributive share, with interest.

The court ordered the administrator to pay over the amount, with legal interest from the date of its appropriation, compounded annually.

From this order, and an order refusing to settle a bill of exceptions, the administrator appeals.

There is nothing in the point that the probate court lost jurisdiction in the premises upon the entry of the decree of distribution, and that the only remedy of the heir was by civil action against the administrator. Jurisdiction by the probate court over an administrator or executor does not cease until his final discharge (*McCrea* v. *Haraszthy*, 51 Cal. 146; *Dohs* v. *Dohs*, 60 Cal. 255; *Ex parte Smith*, 53 Cal. 204); and it is only after the payment and delivery of all the property of the estate to those entitled, and production of satisfactory proof of the fact, that he is entitled to his final discharge. (Code Civ. Proc., sec. 1697.) Until such final discharge, the probate court retains jurisdiction, not alone of the administrator, but of the property of the estate in his hands, and may compel the proper disposition of the latter, in accordance with its decree, by punishing the delinquent trustee, if necessary, as for contempt. (*Ex parte Smith, supra; Wheeler* v. *Bolton*, 54 Cal. 302.)

It is urged, however, that, even if the court could require the delivery of the property distributed, that this power is limited to the specific property or amount awarded by the decree, and that the court is without authority to take an accounting or award interest according to equitable principles, as that can only be done in an action for an accounting. This position is not tenable. Jurisdiction being conceded for the one purpose, it follows necessarily for the other. The awarding of the interest is but an incident to the right to award the principal; and proceeding, as it does, in accordance with the principles of equity (*In re Moore*, 96 Cal. 522; *Estate of Clos*, 110 Cal. 494), the probate court must be held to have jurisdiction to afford complete and adequate relief in the premises, since equity does nothing piecemeal. (See *Hyland* v. *Baxter*, 98 N. Y. 610; *Verdier* v. *Roach*, 96 Cal. 478.)

If this were not true, however, the objection could not obtain in this case, within the principles stated in *Estate of Thompson*, 101 Cal. 349, and *Estate of De Leon*, 102 Cal. 537. As in those cases, the petition here states all

the elements of a bill in equity for an accounting, and was answered on the merits, and without objection to the form of the proceeding. The fact, therefore, that it was entitled in the estate, instead of being in form an independent action, can make no difference. "The petition, under these circumstances, may be regarded as a petition in equity addressed to the equitable powers of the superior court, and the form of its title is immaterial." (*Estate of Thompson, supra.*)

The other points require no particular notice. The basis upon which interest was allowed was the correct one in an instance such as this, where the trustee has used the funds in his own business, and it is not found that a higher rate of interest was realized from such use. (*Estate of Cousins*, 111 Cal. 441, and cases therein cited.)

There is no element of estoppel in the facts found, which facts we think are fully within the issues; and the statute of limitations, even if available, was not pleaded.

The court below was clearly right in refusing to settle the proposed bill of exceptions, as it was not prepared within the time allowed by the statute (Code Civ. Proc., sec. 650), or any authorized extension thereof, and the appellant's right to have it settled was thereby lost. (Hayne on New Trial and Appeal, 773.) The order of the judge granting an extension of time after the expiration of the statutory period within which to propose a bill was ineffectual and void, and was properly ignored by the court as conferring no authority upon it to settle the bill.

The orders appealed from are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.