[S. F. No. 1696.   In Bank.—July 30, 1900.]

In the Matter of the Estate of AMELIA MARIE KENNEDY, Deceased.  JOHN BERGEZ et al., Appellants, v. EDITH A. CHAPELL et al., Respondents.

PREMATURE APPEAL—DISMISSAL—AFFIRMANCE—STAY OF PROCEEDINGS.— The dismissal of an appeal as prematurely taken does not operate as an affirmance of the judgment; and, such an appeal being absolutely void, it does not deprive the court below of its jurisdiction, and no stay of proceedings is effected thereunder.

ID.—VALIDITY OF APPEAL BOND—CONSIDERATION.—The validity of an appeal bond given as required by law to make an appeal effectual. the sureties upon which agree to be liable if the appeal is dismissed, is not destroyed by the fact that the appeal is premature, and is not effectually secured.  The expense to the respondent in securing a dismissal of the void appeal is a consideration for such undertaking.

ID.—APPEAL FROM DECREE OF DISTRIBUTION—VOID STAY BOND—WANT OF CONSIDERATION.—A decree of distribution of the estate of a deceased person does not fall within the provisions of the Code of Civil Procedure authorizing or requiring stay bonds; and a special stay bond given upon appeal from a decree of distribution is void for want of consideration, arising from the fact that the undertaking does not stay the decree, whether the appeal be premature and void, or valid; and no valid judgment can be rendered against the sureties upon such stay bond.

ID.—PLEA OF WANT OF CONSIDERATION—ESTOPPEL—DISPUTABLE PRESUMPTION.—When want of consideration of a stay bond is pleaded, there can be no estoppel of the sureties that can interfere with that defense.  The presumption of consideration attaching to a written instrument is a disputable presumption, which may be overcome by evidence of facts showing a want of consideration.

ID.—ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—EXECUTION—JURISDICTION OF COURT OVER ADMINISTRATOR.—A decree of distribution of the estate of a deceased person is an adjudication only of the rights of the distributees in regard to the proportions or parts of the estate to which each is entitled, and cannot be executed by any form of process.  It is simply evidence of title, and not a judgment that the heir or legatee recover money or other property from the administrator.  The administrator is an officer of the court, subject to its jurisdiction until final discharge, and may be compelled by the court to perform his duty.  The court discharges him from his trust. only when his duty has been fully performed.

ID.—APPEAL FROM FINAL SETTLEMENT—DISTRIBUTION PENDING APPEAL—
    NEW DECREE.—It seems that if, pending an appeal from the final
    settlement of the accounts of an administrator, a decree of dis-
    tribution is made, in case the final settlement is reversed or
    modified, such decree of distribution may be disregarded, and
    a new distribution made.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco against the sureties upon a
bond to stay proceedings.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

M. H. Wascerwitz, John J. Roche, and A. Ruef, for Appel-
lants.

Lucius L. Solomons, and Linforth & Whitaker, for Re-
spondents.

TEMPLE, J.—This appeal is from a judgment rendered
against the sureties on an undertaking given to secure a stay
of proceedings on appeal to the supreme court, after notice,
and in pursuance of a stipulation contained in the undertak-
ing.   The appeal is by the sureties.

The undertaking was given on appeal from a decree of final
distribution in the above estate dated July 27, 1896.   The ap-
peal was taken November 27, 1896, at which time the decree
had not been entered, for which reason the appeal was dis-
missed as prematurely taken.   The dismissal, under such cir-
cumstances, did not operate as an affirmance of the judgment.
(*Brady v. Burke*, 90 Cal. 1; *Home for Inebriates v. Kaplan*, 84
Cal. 486; *Estate of Pearsons*, 119 Cal. 27.)   And, moreover,
since the appeal was absolutely void it did not deprive the lower
court of jurisdiction, and no stay of proceedings was effected.
(*Brady v. Burke, supra.*)

The fact that an appeal was not secured did not operate to
render void the undertaking given as required by law to make
the appeal effectual.   The sureties on such an undertaking
agree to be liable if the appeal be dismissed, and, since the re-
spondent must be at some expense to have even a void appeal
disposed of, there is a consideration for the undertaking.   This

reasoning has no application whatever to an undertaking required merely to secure a stay of proceedings during an appeal which has already been taken.

The appellants here contend not only that the appeal was an absolute nullity, but that the decree of distribution was also void, and therefore there was no decree to be stayed by an undertaking, and there was an absolute lack of any consideration. The decree of distribution is said to be void because it was made after an appeal had been taken from the decree of final settlement and while that appeal was pending. It is contended that no decree for a final distribution can be made until there is a final settlement of the accounts of the administrator, and that such settlement cannot be said to be final while an appeal is pending from the decree.

There is no doubt some difficulty here, arising from our statute which authorizes a decree of distribution to be made at the same time that the final settlement is made. The administrator might be wrongly charged with the possession of large sums of money belonging to the estate. Such erroneous charges may, in fact, constitute the entire estate to be distributed. Suppose in such a case the administrator takes an appeal from the decree of final settlement, and pending such appeal a decree of distribution is made; if the decree of final settlement is so modified on appeal as to show that the administrator has nothing in his hands whatever, how will he be relieved from the decree of distribution?

If the final settlement were made at the same time, as the code authorizes, the administrator could, probably, have both reviewed on the same appeal, and the distribution could be made to depend on the correctness of the final settlement; but in the case supposed it is difficult to see how, on the appeal from the distribution, the point could be made that the decree of final settlement had been modified, or was erroneous.

Trouble is very likely to arise in such a case, but perhaps the first distribution could be disregarded after the decree of final settlement has been reversed or modified, and a new distribution made. The administrator could not be injured if the decree of final settlement is properly corrected, as it is the function of that decree to determine what property, and especially

what money, belonging to the estate is left in the hands of the administrator after full administration. (Code Civ. Proc., secs. 1637, 1649.) But, although there may be a supplemental settlement of accounts when the decree of distribution is made, the particular purpose and office of that decree is to determine the heirship of claimants and to declare the succession; and the heirs may not, as the creditors may upon a final settlement, issue execution against the administrator for money or other property in his hands. Property may be distributed, though not in the possession of the administrator, and even although adversely held and claimed under title. The decree must simply name the persons and the proportion or parts to which each is entitled, and "such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession." That the decree made ordains that the persons found entitled to the estate shall "have and recover" from the administrator cannot change or enlarge the effect of the decree made under these provisions of the statute. The effect of the decree is declared in the code. It is conclusive "as to the rights of heirs, legatees, or devisees," in regard to the proportions or parts to which each is entitled. It is an adjudication as to rights only, and cannot be executed by any form of process, but may be the basis upon which the person whose rights are determined may demand, sue for, and recover their respective shares from anyone who has possession. It is simply evidence of title, and not a judgment that the heir or legatee recover money or other property from another.

If this be so, then a decree of distribution does not fall within the provisions of the Code of Civil Procedure authorizing or requiring stay bonds. (Code Civ. Proc., secs. 942-945.) It is not a judgment or order directing the payment of money, nor does it direct the assignment or delivery of documents or personal property. It is not converted into such an order, because the administrator cannot get his final discharge without showing that he has paid to the heirs all the money in his hands. The court discharges him from his trust upon proof that it has been fully performed, and payment to the heirs happens to be the last duty in the order of time to be performed.

Respondents cite several cases in this court which they argue determine that the decree is an order for the payment of money. They are all to the effect that when an executor or administrator refuses to pay to the distributee money found to be in his hands, he may be punished for contempt. They are based upon the proposition that the administrator is an officer of the court, and may be so dealt with whenever he refuses to perform a plain duty enjoined upon him as such officer. The same power exists to compel the performance of other duties as well as the duty to pay over money in his hands. A sheriff or receiver may be so punished for not paying over money under certain circumstances, although when demand for it was made there was no judgment or order requiring such payment, and the obligation to pay arose from his office. If the decree is an order or judgment for the payment of money, it can be enforced by execution (Code Civ. Proc., sec. 1007), but the refusal to pay over the money was adjudged to be a contempt, and punished as such partly upon the ground that payment cannot be enforced by execution. (*Ex parte Smith*, 53 Cal. 204.)

All the cases cited are expressly based upon the ground that the court has jurisdiction over the administrator or executor until his final discharge. No special or express order that the administrator pay over to the distributees the money in his hands is authorized or required. Upon the entry of the decree the law fixes upon him the duty to pay over, and the court may compel performance as in the case of any other plain duty resting upon him by virtue of his office.

It must follow that there was no consideration for the undertaking on the part of the sureties, and no recovery can be had against them. It was so expressly held in *Powers v. Chabot*, 93 Cal. 266. (See, also, *People v. Cabannes*, 20 Cal. 525; *Whitney v. Allen*, 21 Cal. 234; *McCallon v. Hibernia Sav. etc. Soc.*, 98 Cal. 442; *Reay v. Butler*, 118 Cal. 113.)

The last case answers the contention of respondents that the sureties are estopped by their undertaking. But upon the view here taken there is no recital of any fact in the undertaking which is material. If there has been a valid decree of distribution that fact would not fix the liability of the sureties. The want of consideration arises from the fact that the under-

taking did not secure a stay of the decree, if there was one. When want of consideration is pleaded there is no estoppel, whatever the terms of the instrument may be, which can interfere with that defense. The idea of such estoppel comes down to us from the days of sealed instruments. Seals were abolished by the code (Civ. Code, sec. 1629), and that there is a good and sufficient consideration for an instrument in writing is expressly made a disputable presumption which may be controverted by other evidence. (Code Civ. Proc., sec. 1963.)

The judgment is reversed.

Harrison, J., Garoutte, J., Van Dyke, J., and Henshaw, J., concurred.