[S. F. No. 4744.    In Bank.—November 29, 1907.]

## ST. MARY'S HOSPITAL, Respondent, v. STELLA PERRY, Executrix, etc., of Rosalie Meyer, Deceased, Appellant.

JUDGMENT ON PLEADINGS.—A motion for judgment on the pleadings can be properly granted only where the complaint is sufficient to warrant the relief sought, and the answer presents nothing either by way of denial or new matter to bar or defeat the action.

ESTATES OF DECEASED PERSONS—ACTION FOR DISTRIBUTIVE SHARE IS AGAINST EXECUTOR INDIVIDUALLY.—An action by a distributee of the estate of a deceased person, brought under section 1666 of the Code of Civil Procedure against an executor to recover a distributive share is one against the executor individually, and not in his representative capacity, and may be construed as so brought, notwithstanding in the title of the action the defendant is described "as executor."

ID.—ANSWER BY EXECUTOR—TERMS OF DECREE—ALLEGATIONS ON INFORMATION AND BELIEF.—Where an answer by an executor contains a positive allegation as to the terms by which the decree of distribution allots a particular distributive share, a subsequent allegation therein, based on information and belief, that the decree distributes

such share on certain stated conditions will be construed as a mere conclusion of the pleader as to the legal effect of the terms of the decree.

Id.—Distribution in Trust—Agreement to Carry Out Trust.—In the absence of an express provision in the decree requiring it, one to whom property is distributed in trust for a particular purpose is under no obligation, before receiving the property from the executor or administrator, to expressly agree with such officer to use the property for the purposes and in the manner declared in the decree defining the trust.

Id.—Executor's Duty to Deliver—Receipt.—The right of a legatee is finally and conclusively established by the decree of distribution, and in the absence of appeal therefrom, it is the duty of the executor or administrator simply to deliver the property distributed to the distributees. Unless the decree expressly provides otherwise, he is entitled to nothing more than a receipt for the property from the distributee.

Id.—Acceptance by Trustee.—If the decree gives the property in trust for certain purposes, the mere acceptance of the property under the decree by the distributee with knowledge of the provisions of the decree is an acceptance of the trust under all the terms and conditions declared by the decree, and no other acceptance is required. With the proper performance of the duties appertaining to the trust the executor or administrator has nothing to do.

Id.—Judgment for Distributee—Costs and Interest against Executor.—In an action against an executor to recover a distributive share of money, in which judgment is rendered for the distributee, interest is properly allowed from the time the money should have been paid. Costs are allowable as in other cases, and both such costs and interest are chargeable only against the executor individually, and not against the estate. Such judgment need not declare the terms and conditions under which the plaintiff takes the money, as those matters are determined by the decree of distribution.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

W. D. Storey, for Appellant.

James Gartlan, for Respondent.

ANGELLOTTI, J.—By the decree of final distribution made December 13, 1904, in the matter of the estate of Rosalie Meyer, deceased, the sum of $691.56 was distributed to plaintiff corporation. The defendant executrix having failed to

pay the same over, this action was instituted by plaintiff against such executrix to recover the same, with interest and costs. An answer having been filed, the plaintiff made a motion for judgment on the pleadings, and this motion was granted, and judgment was entered for plaintiff in accord with the prayer of its complaint. This is an appeal by the defendant from such judgment.

While the court in probate may, through the medium of contempt proceedings, compel an executor or administrator to deliver to the distributee property distributed by its order or decree (*Ex parte Smith,* 53 Cal. 204; *In re Clary,* 112 Cal. 292, [44 Pac. 569]; *Estate of Kennedy,* 129 Cal. 384, 387, [62 Pac. 64]), section 1666 of the Code of Civil Procedure in terms authorizes distributees to "demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession." *Melone* v. *Davis,* 67 Cal. 279, [7 Pac. 703]; *Wheeler* v *Bolton,* 54 Cal. 302; *LeMesnager* v. *Variel,* 144 Cal. 463, [103 Am. St. Rep. 91, 77 Pac. 988].) Such an action against an executor or administrator is one against him individually, and not against him in his representative capacity. It is not an action against the estate. As against the estate, the rights of the distributee are fully adjudicated by the decree of distribution. (See *Melone* v. *Davis,* 67 Cal. 279, [7 Pac. 703].) There being no claim to the contrary asserted in the briefs, we assume this may properly be held to be such an action against an executrix in her individual capacity for refusal to pay over moneys which under the decree it was her duty as executrix to pay, and that the words "as executrix," etc., in the title of the action should be held to be merely descriptive. (See *Melone* v. *Davis,* 67 Cal. 279, [7 Pac. 703].)

It is of course true, as stated by counsel for defendant, that a motion for judgment on the pleadings can be properly granted only where the complaint is sufficient to warrant the granting of the relief sought, and the answer presents nothing either by way of denial or new matter to bar or defeat the action.

It was alleged in the complaint that by the will of Rosalie Meyer, deceased, duly admitted to probate, "there was given and bequeathed to plaintiff, the sum of $1,000 to endow a bed for the poor, in memory of Seraphim Meyer, the husband

of testatrix,'' and that on or about the thirtieth day of December, 1904, a decree of final distribution was made by which ''there was distributed to the plaintiff the sum of $691.56, in full discharge of said bequest of $1,000.'' Defendant claims that a material issue was made in this regard by certain allegations of her answer, which are as follows: ''That the decree of distribution named in said complaint expressly provides and directs that the legacy sued for in this action is to be used for the endowment of a bed for the poor, in memory of Seraphim Meyer, deceased, and that plaintiff should take said legacy subject to that condition. That defendant is advised, and informed and believes, and, on such information and belief alleges, that said decree provides that unless plaintiff should agree to permanently provide and maintain a bed for the poor, in memory of Seraphim Meyer, deceased, plaintiff should not be entitled to receive said legacy. That before the commencement of this action, defendant notified and informed plaintiff that defendant was ready to pay over said legacy to plaintiff, upon plaintiff agreeing to permanently provide and maintain such bed, but plaintiff replied that it declined to make such an agreement, and informed defendant that it would cost $5,000 to permanently endow such a bed, and, that plaintiff could not, and would not provide and maintain such a bed, for such legacy, for a longer period than about eighteen months. Whereupon defendant refused to pay over said legacy to plaintiff, and this is the only refusal to pay over said legacy, that defendant has expressed.''

It is manifest that the first paragraph quoted from the answer raises no material issue, and is substantially a reiteration of the allegations of the complaint, which, as we read them, show simply a distribution to plaintiff of the $691.56 in trust for the purpose mentioned in the will.

The information and belief allegation of the answer, following this, considered in connection with the preceding provision, was clearly intended simply as an allegation of the defendant's opinion based on the advice and information received from others and her own belief, as to the legal effect of such a distribution in trust as had been positively alleged in the preceding paragraph, and must be so construed. It is inconceivable that an executrix having the knowledge as to the contents of the decree of distribution made and entered

that she must be presumed to have, and that the positive allegation contained in the next preceding paragraph as to the express provisions of the decree shows her to have actually had, should base an allegation of fact as to the existence of other express provisions in the decree solely on advice, information, and belief. Under the circumstances, the change in the form of allegation from that used in the allegation as to the express provision of the decree, shows the intent of the pleader and the proper construction of the information and belief allegation to be as above stated. It was therefore properly regarded by the trial court as making no issue of fact and being merely an allegation of a conclusion of law. The remaining allegations of the answer quoted above are, in the absence of express provision in the decree requiring the execution of an agreement by plaintiff before receiving the legacy, immaterial, unless it is the law that one to whom property is distributed in trust for any purpose must, before receiving the property from the executor or administrator, expressly agree with such officer to use the property for the purposes and in the manner declared in the decree defining the trust, or at least must not inform such officer of an intention not to so use the property. We know of no such requirement of law. The right of a legatee is finally and conclusively established by the decree of distribution. In the absence of appeal therefrom, it is the duty of the executor or administrator simply to deliver the property distributed to the distributees. Unless the decree expressly provides otherwise, he is entitled to nothing more than a receipt for the property from such distributee. If the decree gives the property in trust for certain purposes, the mere acceptance of the property under the decree by the distributee with knowledge of the provisions of the decree, is an acceptance of the trust, under all the terms and conditions declared by the decree (see Civ. Code, sec. 2222; *Elizalde* v. *Elizalde*, 137 Cal. 634, 636, [66 Pac. 369, 70 Pac. 861]), and no other acceptance is required. Proper performance of the duties appertaining to the trust is another and subsequent matter, with which the executor or administrator has nothing to do. If the legatee, having accepted the trust by accepting the legacy under the decree declaring it, and therefore subject to the terms and conditions thereby imposed, refuses to carry it out or diverts

the money to other purposes, the law may afford a remedy to anyone beneficially interested. That, however, is a matter of no concern here. Defendant executrix has no supervisory power in that regard, but is called upon by the decree simply to deliver the property distributed. She has no right to require from the distributee any agreement as to the performance of the trust as a condition precedent to delivery, and any statement by the distributee to her as to its intention in the matter of such performance is absolutely immaterial. This is the only matter as to which it is claimed that the answer sets up any effectual defense.

In cases of this character the allowance of interest from the time the executor or administrator should have paid the money to the distributee is proper. (*Melone* v. *Davis,* 67 Cal. 279, [7 Pac. 703].) Costs, of course, are allowable, as in other cases, and both costs and such interest are chargeable only against the executrix as an individual and not against the estate. (*Melone* v. *Davis,* 67 Cal. 279, [7 Pac. 703].) It was not essential that the judgment in this action should declare the terms and conditions under which plaintiff takes the money; indeed, such terms and conditions would properly have no place in the judgment. They are declared in the decree of distribution, under which plaintiff takes when she enforces this judgment.

It follows from what has been said that the complaint was sufficient to warrant the relief granted by the judgment, and that the answer presented nothing either by way of denial or new matter to bar or defeat the action. The judgment on the pleadings was therefore properly granted. (*Loveland* v. *Garner,* 74 Cal. 298, [15 Pac. 844]; *San Francisco* v. *Staude,* 92 Cal. 560, [28 Pac. 778]; *Benham* v. *Connor,* 113 Cal. 168, [45 Pac. 258]; *Weill* v. *Crittenden,* 139 Cal. 488, [73 Pac. 238].)

The judgment is affirmed.

McFarland, J., Sloss, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.