[Civ. No. 1476.   First Appellate District.—March 31, 1915.]

L. H. START, Appellant, v. FLORENCE HEINZERLING, Respondent.

PLEADING—IMPROPER UNITING CAUSES OF ACTION—STRIKING OUT IMPROPER CAUSE—ERRONEOUS DISMISSAL.—Where a complaint properly pleaded a cause of action for money had and received, but improperly united an alleged cause of action for damages resulting from a conspiracy, and after the court sustained a demurrer to the complaint on this ground and within the time granted plaintiff, upon the latter's motion, the second cause of action was stricken out and dismissed, the order striking out the second cause of action was tantamount to an amendment to the complaint and it was error for the court to dismiss the first cause of action for failure of the plaintiff to file an amended complaint within the time granted for that purpose.

27 Cal. App.—10

ID.—SETTING ASIDE DEFAULT—AFFIDAVIT OF MERITS.—The default of a defendant is tantamount to an admission of the material facts pleaded in the plaintiff's complaint, and it is elementary that before a default, which the court had jurisdiction to enter, may be set aside, it must appear by an affidavit of merits that the defendant has a meritorious defense to the action.

ID.—EXTENSION OF TIME TO PLEAD—VOID ORDER.—An order extending the time to plead after the full statutory time has elapsed is void and may be rightfully ignored.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand; and John E. Richards, J. E. Barber, and George H. Buck, Judges presiding.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Cornelius W. Kelly, for Respondent.

THE COURT.—In this action the plaintiff sought to recover the sum of eight hundred and thirty dollars. Two causes of action were separately pleaded, one for moneys had and received, and the other for damages alleged to have resulted to the plaintiff from a conspiracy claimed to have been entered into by the defendants against the plaintiff. The appeal is by the plaintiff from a judgment of dismissal, entered upon the theory that the plaintiff had failed to amend his complaint within the time granted after an order had been made sustaining the defendant's demurrer.

Incidentally the plaintiff complains of orders made intermediate the judgment, which present a peculiar entanglement of the procedure employed in the attempted adjudication of the subject-matter of the action. In this connection the record shows that service of summons was made upon the defendant Florence Heinzerling by publication. After the statutory time allowed her to appear and defend had expired, she procured an order giving her an extension of two days' time within which to plead to the plaintiff's complaint. Thereafter and before the two days' extension of time had expired, her default was entered, apparently upon the theory that the order extending her time to plead had been inadvertently and improvidently made. Subsequently, however, the

defendant's default was set aside upon motion, which, although supported by an affidavit which tended to show that her default was due to excusable neglect, was not accompanied by an affidavit of merits.

Upon the opening of the default the defendant interposed a demurrer to the complaint upon the grounds that it did not state a cause of action, and that a cause of action upon a contract was improperly united with a cause of action upon an alleged tort. The demurrer was sustained, and within the time granted the plaintiff's cause of action for damages was upon his motion ordered stricken out and dismissed. The plaintiff, however, deeming it necessary that the court should reconsider its ruling upon the demurrer, a motion to that effect was granted upon the condition that the plaintiff file an amended complaint within a specified time. The plaintiff failed to comply with the condition, and a judgment of dismissal was accordingly entered against him.

The plaintiff now insists that the order striking out and dismissing the cause of action for damages, made upon his motion and with his consent, was tantamount to an amendment of his complaint; and that therefore the judgment of dismissal must be reversed if it can be said that his complaint as thus amended stated a cause of action.

This contention, we think, is well taken. A cause of action for moneys had and received is pleaded in the usual and ordinary form, and apparently is perfectly stated. This being so, and the order striking out and dismissing the cause of action for damages having cured the defect of misjoinder which originally existed in the complaint, the lower court should have reconsidered its order sustaining the demurrer; and if it had done so, doubtless would have overruled the demurrer in so far as it applied to the first cause of action. A formal rewriting of the complaint was not necessary to its amendment in order to permit a reconsideration of the demurrer. In any event, treating the complaint as amended to meet the main objection of the demurrer, we find the situation to be that the court in effect sustained the demurrer to a cause of action of the complaint upon the ground of the insufficiency of the facts stated to constitute a cause of action which, upon its face, was not rightfully subject to demurrer upon that or any other ground. Consequently the judgment of dismissal cannot stand.

The motion of the defendant to set aside the default should not have been heard and determined in the absence of an affidavit of merits. The default of the defendant was tantamount to an admission of the material facts pleaded in the plaintiff's complaint (*Rowe* v. *Table Mountain Water Co.,* 10 Cal. 441; *Madison* v. *Octave Oil Co.,* 154 Cal. 768, [99 Pac. 176]); and it is elementary that before a default, which the court had jurisdiction to enter, may be set aside it must appear that the defendant has a meritorious defense to the action. Such a showing is ordinarily required to be made by affidavit of merits, and should have been so made in the present case. Perhaps if the court had entered the default before the expiration of the defendant's time to plead, no affidavit of merits would have been required, because the court would then have acted in excess of its jurisdiction; but that is not the case here. The record shows that the defendant procured an extension of time to plead only after the statutory time had fully elapsed; and it is well settled that an order granting an extension of time made after the expiration of the statutory time is void, and may be rightfully ignored. (*In re Clary,* 112 Cal. 292, [44 Pac. 569].) Consequently the order setting aside the defendant's default must be reversed; but we have no doubt that upon the going down of the *remittitur* the lower court may, in the exercise of its discretion and in furtherance of justice, permit the defendant upon a further hearing and consideration of the motion to set aside the default, to supplement the showing already made with an affidavit of merits.

For the reasons stated the judgment and the order setting aside the default are reversed, and the cause remanded for further proceedings.