[Civ. No. 8778. Second Appellate District, Division One.—February 11, 1935.]

ELLEN RAFFERTY, Reverend Mother Superior, etc., Appellant, v. E. FORREST MITCHELL, Insurance Commissioner and Liquidator, etc., Respondent.

Cushing & Cushing and Horace S. Wilson for Appellant.

Frank L. Guerena and Lawler & Degnan for Respondent.

EDMONDS, J., *pro tem.* — Plaintiff brought an action against the National Surety Company, as surety on the bond of an executor, for a distributive share of the estate which he administered. She appeals from the judgment dismissing her action after defendant's demurrer was sustained without leave to amend.

The complaint alleges that the surety company executed the bond of Joseph A. Monahan, as executor of the Estate of Patrick J. Hamilton, deceased. It appears that Hamilton died in 1916, and that a few days thereafter Monahan qualified and filed his bond in the usual form prescribed for such office. By the testator's will a legacy of $4,000 was left to St. Patrick's Home for Aged Men and Women,

Kilmainham, Dublin, Ireland, which amount was distributed to it in 1918 by a decree of partial distribution. The complaint further alleges that in 1922 the executor filed his final account and petition reciting that all legacies set forth in the will had been paid with the exception of the one to the organization above named, and that this had not been paid for the reason that no institution then existed or had ever existed in the past under such name; and that in executing said will said testator intended to name Little Sisters of the Poor, St. Patrick's, Kilmainham, Dublin. Plaintiff then alleges that the court made its order settling the final account of said executor and making its decree of final distribution of the estate, but that it made no order or decree of any kind concerning the legacy to the institution referred to in the will as St. Patrick's Home for Aged Men and Women, Kilmainham, Dublin, after the decree of partial distribution.

The complaint further alleges that the bequest was never paid, and that the executor could not be found to make demand upon. The executor, however, has never been discharged.

 This action was commenced more than 13 years after the decree of partial distribution was made and entered, and more than 9 years after the decree of final distribution. Defendant, among other grounds, contends that appellant's action is barred by the statute of limitations, and the correctness of the ruling of the trial court upon that one ground is the only proposition presented by the appeal. In the presentation of that point respondent has assumed that plaintiff and her constituents did have a right to the $4,000 legacy named in the will at the time of entry of the decree of partial distribution in 1918.

Appellant admits that the action would be barred if only the length of time elapsing between the decree of partial distribution and the commencement of the action is to be considered, but contends that the executor is an express trustee, and that the statute does not run against his obligation to pay until he has repudiated the obligation and brought home notice of his repudiation to the distributee.

 By section 1021 of the Probate Code (formerly section 1666 of the Code of Civil Procedure), relative to the decree of distribution, it is provided: ''In its decree, the court must

name the persons and the proportions or parts to which each is entitled, and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree, when it becomes final, is conclusive as to the rights of heirs, devisees and legatees.'' When such a decree has been made the distributee may maintain an action to recover his distributive share. ''While the court in probate may, through the medium of contempt proceedings, compel an executor or administrator to deliver to the distributee property distributed by its order or decree (*Ex parte Smith*, 53 Cal. 204; *In re Clary*, 112 Cal. 292 [44 Pac. 569]; *Estate of Kennedy*, 129 Cal. 384, 387 [62 Pac. 64]), section 1666 of the Code of Civil Procedure in terms authorizes distributees to 'demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession'. (*Melone* v. *Davis*, 67 Cal. 279 [7 Pac. 703]; *Wheeler* v. *Bolton*, 54 Cal. 302; *LeMesnager* v. *Variel*, 114 Cal. 463 [103 Am. St. Rep. 91, 77 Pac. 988].) Such an action against an executor or administrator is one against him individually, and not against him in his representative capacity. It is not an action against the estate. . . . '' (*St. Mary's Hospital* v. *Perry*, 152 Cal. 338, 340 [92 Pac. 864].)

When a cause of action accrues, an action thereon can be commenced only within the period prescribed by the statute of limitations. It is the accrual of the cause of action which starts the running of the statute and where it arises in favor of a *cestui que trust*, the trustee may generally plead it in bar either to the action at law or in any proceeding for relief in equity. The general rule is that the statute does not begin to run against a trustee until he repudiates his trust. But by the repudiation of the trust a cause of action arises, and if it comes into being for any other reason the statute also commences to run. It is only where the beneficiary has no right of action that the statute does not run.

In 37 Corpus Juris, 906, the rule is thus stated: ''Moreover it is not every case of direct and express trust arising between trustee and *cestui que trust* that is exempt from the operation of the statute. The only class of trusts not affected by the statute are, in the language of Chancellor

Kent, 'those technical and continuing trusts which are not at all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction' of courts of equity. Therefore, whenever there is an adequate, concurrent remedy at law, the statute will apply, although relief is sought in equity; and the statute will run from the time the cause of action first accrues. This is in accordance with the general rule that the statute of limitations applies in equity whenever there is a concurrent remedy at law. *A fortiori* the rule exempting trusts from the operation of the statute applies only in courts of equity jurisdiction or to cases in which equitable relief is sought; it has no application to actions of *assumpsit* and the like, and is not recognized in courts of common law, unless in an exceptional case."

The quoted language of Chancellor Kent is from the case of *Kane* v. *Bloodgood,* 7 Johns. Ch. (N. Y.) 90 [11 Am. Dec. 417], where the application of the statute of limitations to obligations of fiduciaries is discussed at length. He there held, quoting an early English case, "that the trusts which are not within the statute, are those which are creatures of the court of equity and not within the cognizance of a court of law; and that as to those other trusts which are the ground of an action at law, the statute is, and in reason ought to be as much a bar in the one court as in the other". In the case of *Love* v. *Watkins,* 40 Cal. 547 [6 Am. Rep. 624], Chancellor Kent's language is quoted and followed, the court saying that his conclusions are founded on both reason and authority.

It is of interest in applying these rules to the case at bar, to find that the English case which was followed by Chancellor Kent and quoted from in *Love* v. *Watkins, supra,* was an action for an account of the profits of an estate received while the plaintiff was an infant, and the bill was not filed until six years after he became of age. The court there said, "that where one receives the profits of an infant's estate, and six years after his coming of age he brings a bill for an account, the statute of limitations was a bar to such suit, as it would be to an action of account at common law; for this receipt of the profits of an infant's estate was not such a trust as being a creature of a court of equity the statute shall be no bar to, for he might have had his action of account against him at law, and therefore no neces-

sity to come into this court for the account. If the infant lies by for six years after he comes of age, as he is barred of his action of account at law, so shall he be of his remedy in this court; and there is no sort of difference in reason between the two cases.'' Reference may also be made to *Smith* v. *Remington*, 42 Barb. (N. Y.) 75; *American Bible Society* v. *Hebard*, 51 Barb. (N. Y.) 552; *Webster* v. *American Bible Society*, 50 Ohio St. 1 [33 N. E. 297, 299]; *Ganser* v. *Ganser*, 83 Minn. 199 [86 N. W. 18, 85 Am. St. Rep. 461]; *Hargis* v. *Sewell's Admr.*, 87 Ky. 63 [7 S. W. 557]; *Thornton* v. *Jackson*, 129 Ga. 700 [59 S. E. 905], in each of which a plea of the statute of limitations was upheld.

There seems to be no case in California where the question has been directly passed upon by an appellate court. Appellant, however, relies on two cases which it is contended are authority for the position taken. But each of them may be clearly distinguished from the case under consideration.

The case of *In re Clary*, 112 Cal. 292 [44 Pac. 569], was one brought by an heir against an administrator. Plaintiff was a minor when the decree of distribution was made in her favor and did not bring her action for more than eight years after she reached her majority. While a recovery was allowed, the court pointed out that ''the statute of limitations, even if available, was not pleaded''. The court did not, therefore, pass upon the application of the statute.

In the case of *Elizalde* v. *Murphy*, 163 Cal. 681 [126 Pac. 978], an administratrix who was also an heir brought an action against the personal representative of a previous administrator and the sureties upon his bond for an accounting. No decree of distribution had ever been made, and the court in upholding her right to maintain the action as against the plea of the statute of limitations said: ''The discovery by the present administratrix, then but an heir, of such commingling could not, we say, have any bearing upon this litigation for the reason that if she knew of such conversion she could not have instituted against Graves then administrator an action therefor. Her sole right under the circumstances would have been to call the trustee to an account, as here she has done. After the judgment in accounting in her favor then for the first time arises the right to take appropriate proceedings against the adminis-

trator to enforce such judgment." The distinction there made by the court as to rights where an action may be maintained and before such right accrues is the determining factor in all cases of this character and the case on principle supports the views here expressed.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.