[Civ. No. 8417. First Appellate District, Division Two.—September 21, 1932.]

E. J. MALMGREN, Appellant, v. SOUTHWESTERN AUTOMOBILE INSURANCE COMPANY (a Corporation), Respondent.

Ford & Johnson and Fletcher A. Cutler for Appellant.

W. W. Middlecoff for Respondent.

SPENCE, J.—Plaintiff recovered a judgment against one J. A. Eddy for damages sustained by him in consequence of personal injuries to plaintiff's wife caused by the negligent operation of an automobile by said J. A. Eddy. Plaintiff subsequently brought this action against the defendant insurance company which had issued a policy of insurance to said J. A. Eddy. The parties entered into a stipulation concerning the facts and a further stipulation that either party might move "for judgment upon the pleadings and the facts stipulated". The cause was tried upon the motions and judgment was entered in favor of defendant. From this judgment plaintiff appeals.

Before discussing the facts appearing from the pleadings and stipulation, we shall first consider the theory upon which plaintiff based his alleged right to recover from the defendant company. The policy upon which this action was brought contained the following provisions: "The insolvency or bankruptcy of the assured shall not release the company from any payment for which it would otherwise be liable under this policy, and if such insolvency or bankruptcy shall occur and an execution on a judgment recovered in a suit against the assured covered by this policy shall

be returned unsatisfied, the judgment creditor shall have a right of action to recover the amount of such judgment against the company to the same extent that the assured would have had to recover against the company had the assured paid the said judgment; but in no event shall the company's liability exceed the limits expressed in this policy.'' There was neither allegation nor proof in the present action of insolvency or bankruptcy of the assured; nor was there any allegation or proof that execution had been returned unsatisfied. We therefore conclude that plaintiff as judgment creditor had not attempted to plead and prove a cause of action under the above-mentioned provision of the policy. In this connection the pleading and proof merely showed that plaintiff's judgment against the assured had become final and that no part thereof had been paid.

This action was filed following the decision in *Malmgren* v. *Southwestern Automobile Ins. Co.*, 201 Cal. 29 [255 Pac. 512, 513], and plaintiff's pleadings were no doubt drawn in the light of that decision. It was there pointed out that the policy involved in the present case failed to embody the provisions required by the act of 1919 (Stats. 1919, p. 776), but contained the language found in a somewhat similar New York statute. The Supreme Court held that the provisions of the statutes of this state ''are part of every policy'' and that the California statute in question ''does not make the return of the execution unsatisfied a prerequisite to the commencement of an action upon the policy''. The statute referred to provides that ''in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal representatives in case death resulted from the accident, then an action may be brought against the company on the policy and subject to its terms and limitations by such injured person his heirs or personal representatives as the case may be to recover on such judgment''. It is therefore apparent from the pleadings and proof that plaintiff was attempting to state a cause of action upon the policy as supplemented by the provisions of the statute which were embodied into the policy as a matter of law.

From the pleadings and stipulation it appears that the policy of insurance was in effect on August 11, 1923, when

plaintiff's wife sustained the bodily injuries; that plaintiff's wife was the only person who suffered bodily injuries in the accident; that plaintiff and his wife each brought separate actions against said J. A. Eddy; that the action brought by plaintiff's wife was for said bodily injuries suffered by her, in which action she recovered a judgment on May 3, 1924, for $5,000 and $19.75 costs; that the action brought by plaintiff was for consequential damages sustained by him as the result of said injuries to his wife, in which action plaintiff recovered judgment on February 10, 1925, in the sum of $2,411.95 and $13 costs; that no appeal was taken from said judgment in favor of plaintiff and against said J. A. Eddy and that said judgment became final on April 10, 1925; that the judgment in favor of plaintiff's wife and against said J. A. Eddy was satisfied in full by the defendant herein on March 20, 1927, by the payment of the sum of $5,367.50 as the principal sum and interest, together with the sum of $19.75 as costs; that no part of the judgment in favor of plaintiff and against said J. A. Eddy had been paid; and that the present action was filed on April 8, 1930, being more than four years after said judgment in favor of plaintiff and against said J. A. Eddy became final.

It was stipulated in the trial court for the purposes of the motions for judgment, "that the defendant's liability, if any, is for the interest on the judgment alone and the costs". It is not altogether clear whether plaintiff abandoned his effort to collect the principal sum of the judgment upon the theory that defendant's plea of the statute of limitations was good (Code Civ. Proc., sec. 337, subd. 1), or upon the theory that plaintiff had no cause of action against the defendant company for the principal sum of a judgment for consequential damages rather than damages for personal injuries or upon the theory that the defendant 'was not liable for said principal sum by reason of the payment of the judgment in favor of plaintiff's wife as the policy provided that "the company's liability for loss from an accident resulting in bodily injuries to or in the death of one person is limited to $5,000. . . . "

The policy, however, provided that "The expenses incurred by the company in defending any suit, including the interest on any verdict or judgment and any costs taxed against

the insured, will be paid by the company irrespective of the limits expressed above.'' It is by virtue of this last-mentioned provision of the policy that appellant contends that he was entitled to judgment against the respondent company for interest and costs on the judgment which appellant recovered against said J. A. Eddy. In our opinion appellant's contention cannot be sustained.

The policy upon which appellant seeks to recover against respondent was primarily a contract between the respondent and the assured. Any right of action which appellant may have had as a judgment creditor of the assured to recover anything from respondent under the policy arose either by virtue of the express provisions of the policy or by virtue of the provisions of the statute embodied into the policy as a matter of law. ■ Appellant failed to plead or prove a cause of action under the express terms of the policy first above set forth, and his right of action, if any, upon the policy arose by virtue of the provisions of the statute. ■ It is unnecessary for us to determine whether appellant was the ''injured person'' within the meaning of the statute for even assuming that he was, his right of action, if any, against respondent for the principal sum of the judgment and costs arose as soon as the judgment became final. It was therefore barred by the statute of limitations. (Code Civ. Proc., sec. 337, subd. 1.) ■ But appellant takes the position that his right of action for interest on the judgment did not accrue until the installments of interest became due and that therefore his right of action for such interest was not barred. No authority has been called to our attention holding that an independent action may be maintained for accruing installments of interest upon an obligation when the right of action to recover the principal sum is barred by the statute of limitations. We have been unable to find any support in the authorities for appellant's position and believe that to sustain it would defeat the very purpose of such statutes of limitations. ■ We are of the opinion, however, that appellant's position is untenable for a further and entirely different reason. Respondent paid a sum in excess of $5,000 to satisfy the judgment recovered against the assured by appellant's wife. The principal sum of that judgment was equal to the $5,000 limit provided in the policy and respondent was not liable under the policy for the

principal sum of any other judgment. Respondent further paid the interest on said judgment in favor of appellant's wife, and the costs "irrespective of the limits" of the policy. Appellant would have us construe the clause of the policy relating to interest to mean that despite such payment in full to appellant's wife, respondent was also liable for interest on appellant's judgment against the assured "irrespective of the limits" of the policy. We cannot agree with this construction for we are of the opinion that the "interest on any verdict or judgment" which the company agreed to pay "irrespective of the limits expressed above" had no reference to interest on the principal sum of any judgment for which principal sum the company was not in any manner liable. "Interest is the compensation allowed by law or fixed by the parties for the use, or forbearance, or detention of money." (Civ. Code, sec. 1915.) The only logical construction to place upon the word "interest", as used in the above-mentioned policy, is that it referred only to interest accruing on the principal sum of a judgment for which respondent was liable under the terms of the policy. To interpret the policy in accordance with the contention of appellant would lead to the absurd result of rendering respondent liable indefinitely for the payment of the accruing installments of interest upon an obligation of a third person for which obligation respondent was not in any manner liable. We do not believe that the rule of strict construction against the insurer may be invoked to sustain such an unreasonable construction.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1932.