[Civ. No. 10866. Second Appellate District, Division One.—August 21, 1936.]

JAMES N. ELKINS et al., Appellants, v. FRANK BRYSON et al., Respondents.

Louis Thomsen for Appellants.

Crail & Crail, P. M. Hoffman, Joe Crider, Jr., Clarence B. Runkle and James H. Sims for Respondents.

SHINN, J., *pro tem.*—Appeal from a judgment of the Superior Court of Los Angeles County entered in favor of the defendants after an order sustaining demurrers to the complaint without leave to amend, in an action against an administrator and the sureties on his bond.

Plaintiff Elkins and plaintiff Cox, his assignee, sued defendant Bryson, administrator, and the sureties on his bond to recover the balance of plaintiff Elkins' distributive share of an estate, as established by an order settling the final account of the administrator and decreeing distribution. The amount adjudged to be distributable to plaintiffs was $3,528.67, the date of the order and decree being January 23, 1930. In his final account, Bryson had taken credit for $1859.67 on account of attorney's fees claimed to be chargeable against the estate as administration expenses, but this credit was disallowed by the court.

A cause of action for the recovery of the distributive share of the estate arose in favor of plaintiffs when the decree of distribution became final, sixty days after its entry, no appeal having been taken therefrom. (Code Civ. Proc., sec. 1666, then in effect; *Rafferty* v. *Mitchell*, 4 Cal. App. (2d) 491 [41 Pac. (2d) 563].) This action was commenced October 10, 1935, more than five years after the decree became final. The action admittedly was barred unless the statute was tolled by reason of the following facts:

The trial court granted a new trial in the proceeding for a settlement of the account and for distribution, and on November 22, 1930, made a new and different judgment giving the administrator credit for said sum of $1859.67, and decreeing that plaintiffs' distributive share of the estate amounted to only $1669. The latter sum only was paid to plaintiffs and this action is for the recovery of the former sum, payment of which was refused by the administrator. In a proceeding in *certiorari* to review the order granting a new trial and the second judgment, these were annulled upon the ground that the procedure allowed on motion for a new trial did not apply to an order settling the final account of an administrator where the sole question in issue related to attorney's fees claimed by the administrator for ordinary and extraordinary services of his attorney. (*Estate of England*, 214 Cal. 298 [5 Pac. (2d) 428].) Thereafter and on or about June 19, 1933, the trial court made a further order annulling all orders made subsequent to the one of January 23, 1930, and again charging the administrator with the sum of $1859.67 and decreeing that plaintiffs were entitled to receive distribution of the same, in addi-

tion to the amount of $1669 which they had theretofore received.

It is the contention of plaintiffs that the statute did not commence to run until the judgment of the Supreme Court in *Estate of England, supra,* became final, which would have been on or about January 20, 1932, or perhaps not until the final order of the trial court made on or about June 19, 1933, became final. The error of this argument is found in the fact that plaintiffs' rights were definitely established by the first order, for they then became entitled to receive their distributive share and to sue for it if they did not receive it. These rights were in no manner affected by the void orders granting the administrator a new trial and allowing him the credit he sought on account of charges for attorney's fees, nor would those void proceedings have operated as a bar to an action based upon the original order. The third order of the court of June 9, 1933, was wholly superfluous. The first order was always effective and the later orders could add or subtract nothing. The subsequent proceedings did not toll the statute; the cause of action of plaintiffs' complaint based on the foregoing facts was barred when this action was commenced, and the demurrers thereto were properly sustained.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1936.