[Civ. No. 30717.   Second Dist., Div. Four.   Oct. 18, 1966.]

SUZANNE GAY, Plaintiff and Respondent, v. EVELYN STRAUBE, Defendant and Appellant.

WILLIAM G. STRAUBE, Plaintiff and Respondent, v. EVELYN STRAUBE, Defendant and Appellant.

(Consolidated Cases.)

Herb Wiener for Defendant and Appellant.

James B. Fredericks for Plaintiffs and Respondents.

CHANTRY, J. pro tem.*—Both of these cases involve the identical issue. Plaintiff William G. Straube is the nephew, and plaintiff Suzanne Gay is the niece, of William Boering Straube, deceased, and each was bequeathed $2,000 by the uncle's will, and each was awarded that sum by a decree of distribution. Defendant Evelyn Straube is the duly appointed executrix of the deceased's estate.

Before the trial court each side sought summary judgment. The plaintiffs prevailed, and the defendant appealed.

Upon appeal to the Appellate Department of the Superior Court of Los Angeles County the judgments were affirmed.

This court ordered these cases transferred to it for hearing and decision upon the certification of said appellate department that such transfer appeared necessary to secure uniformity of decision and to settle an important question of law. (Cal. Rules of Court, rules 62, 63.)

Plaintiffs sue the executrix for legacies awarded them by a decree of distribution. The decree became final more than four years but less than ten years before the complaint was filed. ▪ In opposing motions for summary judgment the question is one of law: What statute of limitations governs this cause of action?

The ten-year statute for an "action upon a judgment or decree" (Code Civ. Proc., § 337.5, subd. 3) will mean judgment for plaintiffs. The defendant will prevail under a three-year or a four-year statute: the three-year statute for an "action upon a liability created by statute" (Code Civ. Proc., § 338, subd. 1); the four-year statute for an "action upon any . . . obligation or liability founded upon an instrument" (Code Civ. Proc., § 337, subd. 1); the four year statute for "relief not hereinbefore provided for" (Code Civ. Proc., § 343).

The language of the ten-year statute strikes us as being plain enough in favor of the plaintiffs' contention. We can only conclude that it is its relative clarity that has discouraged litigation and so deprived us of a square precedent. While the executrix' liability under Probate Code, section 1021, is personal (*Rafferty* v. *Mitchell* (1935) 4 Cal.App.2d 491 [41 P.2d 563], and the legatees' rights stem from the will, the action is based upon the decree. (*Wheeler* v. *Bolton* (1880) 54 Cal. 302; *Fidelity & Deposit Co. of Maryland* v. *Lindholm* (1933) 66 F.2d 56; *Elkins* v. *Bryson* (1936) 16 Cal.App.2d 173 [60 P.2d 301].)

---

*Assigned by the Chairman of the Judicial Council.

Accordingly, the trial court granted plaintiffs' motions for summary judgment, and the appellate department affirmed. We agree. The judgments are affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1966.