7 F.3d 180
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Walter Allen DAVIS; Brian J. Painter; David Allen Roberts;
Fremont Indemnity Co., Defendants,
and
Shellie A. Keukelaar; Charles Rubin Keukelaar; Charles
Rubin Keukelaar, a minor, by Shellie A. Keukelaar,
Defendants-Appellants.
 No. 92-55415.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Oct. 12, 1993.
 
 Richard C. Turner, Robert D. Brugge, Kathleen K. Andrews, Spray, Gould & Bowers, Los Angeles, CA, for plaintiff-appellee.
 William B. Hanley, Hanley, White, Kinney & Patch, Irvine, CA, for defendants-appellants.
 Appeal from the United States District Court for the Central District of California.
 Before: TANG, CANBY and BEEZER, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 Charles R. Keukelaar, Shellie A. Keukelaar, and Charles Rubin Keukelaar (collectively, the "Keukelaars") appeal the district court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Co. ("State Farm"). The Keukelaars were the unfortunate victims of a highway shooting. Walter Davis fired the shot while traveling in a van driven by Brian Painter. The van belonged to Davis and was insured under State Farm's automobile liability policy (the "policy"). This cause was previously before us; we reversed and remanded.[1] State Farm Mut. Auto. Ins. Co. v. Davis, 937 F.2d 1415 (9th Cir.1991). The Keukelaars now appeal the district court's granting of State Farm's motion for summary judgment and we face the issue whether the shooting was an "accident" covered under the policy.
 
 FACTS
 
 2
 The following facts are undisputed. Three marines, Sergeant Walter Davis, Corporal Brian Painter, and Corporal David Roberts, left Orange County, California, in Davis' van and were travelling north to San Jose, California. During the trip, Painter was the driver, Davis was the front seat passenger, and Roberts was the back seat passenger. The three had been drinking before and during the trip. At some point, Davis began firing a gun out the van's window at various objects, such as bales of cotton, sheep, and an underpass. Eventually, a black Corvette driven by Charles Keukelaar and accompanied by his then pregnant wife Shellie Keukelaar passed the van. Davis told Painter to overtake the Corvette. Painter complied. When they reached the Corvette, Painter positioned the van beside the Corvette and Davis fired a shot into the Corvette's rear window. The shot hit Charles Keukelaar in the back of the head, causing serious injury. Shellie Keukelaar took control of the Corvette and brought it to a stop as the van fled the scene. Davis, Painter, and Roberts were later apprehended and charged with attempted murder and felony assault with a deadly weapon. Davis pleaded guilty of felony assault with a deadly weapon and a jury convicted Painter of the same. Painter appealed his conviction and a California state appellate court affirmed.
 
 
 3
 In the meantime, the Keukelaars brought an action against Davis, Painter, and Roberts, alleging various tort claims.[2] The suit resulted in a judgment against Davis and Painter. Keukelaar agreed not to execute the judgment against them. In return, Davis and Painter assigned their rights under Davis' automobile policy to Keukelaar.
 
 
 4
 State Farm sought a declaration in federal district court that Davis and Painter are not covered under the policy. The Keukelaars, on the other hand, sued State Farm for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that State Farm unreasonably refused to pay the policy limits. The cases were consolidated and the district court "granted State Farm['s] summary judgment on two grounds: 1) The shooting did not result from the use of a vehicle; and 2) Davis's shooting of Keukelaar was not an accident." State Farm Mut. Auto. Ins. Co., 937 F.2d at 1417 n. 1. We reversed on the ground that the shooting resulted from the use of Davis' vehicle and remanded the matter for further consideration of State Farm's other defenses.[3] Id. at 1422.
 
 
 5
 On remand, the district court concluded, inter alia, that there is no material issue of fact regarding coverage under the policy since the actions of Davis and Painter "were not accidental and therefore not covered under State Farm's policy."[4] The Keukelaars timely appeal.
 
 STANDARDS OF REVIEW
 
 6
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The court determines that summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. FSLIC v. Molinaro, 889 F.2d 899, 901 (9th Cir.1989).
 
 
 7
 We also review de novo issues of contract interpretation. State Farm Mut., 937 F.2d at 1417.
 
 DISCUSSION
 
 8
 I. Coverage Under State Farm's Automobile Policy
 
 
 9
 The Keukelaars argue first that the policy covers both Davis and Painter. The policy states in relevant part:
 
 We will:
 
 10
 1. pay damages which an insured becomes legally liable to pay because of:
 
 
 11
 a. bodily injury to others; and
 
 
 12
 b. damage to or destruction of property including loss of its use, caused by accident resulting from the ownership, maintenance or use of your car; and
 
 
 13
 2. defend any suit against an insured for such damages with attorneys hired and paid by us. We will not defend any suit after we have paid the applicable limit of our liability for the accident which is the basis of the lawsuit.
 
 
 14
 The threshold question is "whether the conduct in question constitutes an accident within the meaning of the policy provision." Merced Mut. Ins. Co. v. Mendez, 213 Cal.App.3d 41, 261 Cal.Rptr. 273, 277 (1989). "In a declaratory relief action to determine the insurer's obligations under the policy, the burden is on the insured initially to prove an event is a claim within the scope of the basic coverage." Id.
 
 
 15
 Although the policy does not define the term accident, "[i]n its plain and ordinary sense, 'accidental' means 'arising form extrinsic causes[;] occurring unexpectedly or by chance[; or] happening without intent or through carelessness.' " St. Paul Fire & Marine Ins. Co. v. Superior Court, 161 Cal.App.3d 1199, 208 Cal.Rptr. 5, 7 (1984) (quotation omitted). Moreover, "where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury." Merced, 261 Cal.Rptr. at 279.
 
 
 16
 The Keukelaars contend that there is a genuine issue of fact as to whether Painter's actions were accidental; they do not argue that Davis' actions were accidental. State Farm argues, however, that the Keukelaars are collaterally estopped from relitigating the issue of Painter's intent, which was established by his criminal conviction.
 
 Under California law:
 
 17
 [A] party will be collaterally estopped from relitigating an issue only if (1) the issue decided in a prior adjudication is identical with that presented in the action in question; and (2) there was a final judgment on the merits; and (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication.
 
 
 18
 Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 151 Cal.Rptr. 285, 288-89, 587 P.2d 1098 (1979). Only the third requirement is in dispute. Despite expanded notions of privity, the California Supreme Court has stated further, "due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication." Id. 151 Cal.Rptr. at 289, 587 P.2d at 1102.
 
 
 19
 The circumstances of Painter's criminal trial for felony assault with a deadly weapon satisfy each of the three requirements to establish an estoppel. After the trial court instructed the jury on the requirement of specific intent, the jury convicted Painter of assault with a deadly weapon under an aiding and abetting theory of liability. On Painter's state appeal, the California Court of Appeals, 5th Appellate District, ruled that:
 
 
 20
 Painter deliberately pursued another vehicle at the behest of a companion he knew to be armed, drunk and dangerous. He pulled into shooting range even though the companion had expressed an intention to shoot into the vehicle. Painter is liable for the reasonable or probable consequences of placing Davis in a position to shoot. Above all, Painter "made the commission of the crime possible." Having chosen to risk making the crime possible, he cannot escape responsibility by alleging that he was not certain it would occur.
 
 
 21
 People v. Painter, No. F006299. On the basis of these state criminal proceedings, the district court held that Painter's intent to aid and abet the shooting of Charles Keukelaar has been conclusively determined, and therefore, the Keukelaars are collaterally estopped from relitigating Painter's intent.
 
 
 22
 The Keukelaars argue that they are not collaterally estopped because they were not in privity with Painter. This argument is not persuasive. The Keukelaars were assigned Painter's rights under State Farm's policy, and it is those rights that they are attempting to enforce. As assignees, the Keukelaars stand in Painter's shoes and are subject to any defenses that State Farm could have asserted against Painter. See Woolett v. American Employers Ins. Co., 77 Cal.App.3d 619, 143 Cal.Rptr. 799, 802 (1978). Thus the Keukelaars are in privity with Painter, and are collaterally estopped by Painter's criminal conviction.
 
 
 23
 The Keukelaars are collaterally estopped from relitigating the issue of Painter's intent. As a result, there is no genuine issue of material fact as to whether the policy covers Painter's actions. For the same reasons, there is no genuine issue of material fact as to whether the policy covers Davis' actions.
 
 
 24
 In light of the above discussion, we need not decide the issue of whether § 533 of the California Insurance Code precludes coverage for Davis' and Painter's conduct.
 
 
 25
 Furthermore, because coverage does not exist for the shooting, State Farm is not liable for breach of contract nor for breach of the covenant of good faith and fair dealing. The district court's grant of summary judgment is
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 The prior appeal required us to determine whether a highway shooting "result[ed] from the ownership, maintenance or use" of Davis' automobile. State Farm Mut. Auto. Ins. Co. v. Davis, 937 F.2d 1415, 1416 (9th Cir.1991). This court concluded that the shooting did result from the use of the vehicle. Id. at 1417
 
 
 [2]
 The alleged causes of action are: "assault, battery, intentional infliction of emotional distress, negligent entrustment and negligence on the part of the defendants in connection with the ... shooting incident."
 
 
 [3]
 Both parties agreed that the issue of whether the shooting was an "accident" was not ripe for decision because of the undeveloped state of the record at that time
 
 
 [4]
 The court also concluded that § 533 of the California Insurance Code precluded coverage; that there is no material issue of fact with regard to Davis' mental state; and that there is no material issue of fact regarding the duty of State Farm to defend or indemnify either Painter or Davis