108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STANDARD BENT GLASS COMPANY, INC., Plaintiff-Appellant,
v.
MARYLAND CASUALTY CO., a Stock Company; Northern Insurance
Co. of New York, a Stock Company; Does 1 Through
20, inclusive, Defendants-Appellees.
 No. 95-16994.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Withdrawn from Submission Nov. 18, 1996.
Resubmitted March 3, 1997.
Decided March 5, 1997.
 
 Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 
 3
 The issue is whether there was a potential for coverage under the policies. Because, as we explain below, the district court correctly decided this issue, and because all state court proceedings had already been settled, we need not decide whether the district court erred in hearing this declaratory judgment action. See Golden Eagle Insurance Co. v. Travelers Cos., no. 94-56211, slip op. 15959, 15965 (9th Cir. Dec. 24, 1996) (holding harmless the erroneous discretionary exercise of jursidiction in insurance coverage action, because substantive decision was not error).
 
 
 4
 Standard had general liability policies from Maryland Casualty Company and Northern Insurance Company. In its action against the insurers, Standard alleged that either: (1) there was coverage under those policies; or (2) there was potential coverage, and the insurers therefore had a duty to defend Standard. Standard sought a declaration of actual or potential coverage, as well as damages for breach of contract and bad faith denial of coverage.
 
 
 5
 The policies covered "those sums that [Standard] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The policies also provided that the insurers would "defend any 'suit' seeking those damages." The coverage did not extend to:
 
 
 6
 "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
 
 
 7
 (1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
 
 
 8
 (2) a delay or failure by you ... to perform a contract or agreement in accordance with its terms.
 
 
 9
 The claims against Standard fell squarely within this exception. The underlying complaint against Standard, by North Bay Specialty Contractors, alleged that Standard "fail[ed] to provide [materials] pursuant to the terms of their agreement ... by failing to deliver the materials in a timely manner, and further by providing materials which were defective." Various other defendants in that litigation sought contribution from Standard, but only based on Standard's alleged negligence as set forth in North Bay's complaint. Each of the claims arose out of allegedly defective and untimely performance. Those claims were excluded from coverage.
 
 
 10
 In opposition to the insurers' motion for summary judgment, Standard introduced evidence of representations made by an insurance broker. The district court properly ruled that the contracts were unambiguous, and therefore any such representations were irrelevant. See Hadland v. NN Investors Life Ins. Co., 24 Cal.App.4th 1578, 1586-89 (1994) (citing cases). Standard also argued, and continues to argue, that its performance was not negligent. In so arguing, Standard misses the point. The question is whether the factual allegations in the underlying action, if proved, would have given rise to liability on Standard's part. It is immaterial at this juncture whether those allegations were true. Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275, n. 15 (1966). The allegations were that Standard had breached its contract; liability for such breaches was not covered by the either of the insurance policies.
 
 
 11
 In the absence of potential coverage, the district court properly granted summary judgment for the insurers on Standard's breach of contract and bad faith claims. State Farm Mutual Ins. Co. v. Davis, 7 F.3d 180, 184 (9th Cir.1993).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3