**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOYCE O'NEILIN, | No. 16-56660 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-01464-DOC-JCG |
| v. | |
| ALLSTATE INDEMNITY COMPANY, Erroneously Sued As Allstate Insurance Company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Joyce O'Neilin appeals pro se from the district court's judgment dismissing

her diversity action arising from an automobile accident.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(c). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We affirm.

The district court properly dismissed O'Neilin's action because O'Neilin failed to allege facts sufficient to show coverage under her insurance policy with defendant. *See Cal. State Auto. Ass'n v. Foster*, 17 Cal. Rptr. 2d 635, 636-38 & n.1 (Ct. App. 1993) (person lacking possession but retaining registered title in a motor vehicle is an owner of the vehicle); *Bohannon v. Aetna Cas. & Sur. Co.*, 212 Cal. Rptr. 848, 851 (Ct. App. 1985) (person listed as registered owner on DMV records, even if the person has no physical possession or control of the vehicle, is considered an owner of the vehicle); *see also State Farm Mut. Auto. Ins. Co. v. Davis*, 7 F.3d 180, 184 (9th Cir. 1993) (affirming summary judgment for insurer on California breach of contract and breach of the covenant of good faith and fair dealing claims because coverage did not exist for the conduct at issue).

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56660