

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRITAPORN SIRISUP, an individual; SIRISUP, INC.,<br><br>   Plaintiffs-counter-<br>   defendants-Appellants,<br><br>   v.<br><br>IT'S THAI, LLC, a California limited liability company; IT'S THAI CANTEEN, LLC, a California limited liability Company; RURK SUPTHONG, an individual; SIRIN RANGSIYACHAT, an individual,<br><br>   Defendants-counter-<br>   claimants-Appellees. | No.   16-55875<br><br>D.C. No.<br>2:13-cv-07246-DDP-PJW<br><br><br>MEMORANDUM[*] |
| TRITAPORN SIRISUP, an individual; SIRISUP, INC.,<br><br>   Plaintiffs-counter-<br>   defendants-Appellees,<br><br>   v.<br><br>IT'S THAI, LLC, a California limited | No.   16-55911<br><br>D.C. No.<br>2:13-cv-07246-DDP-PJW |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

liability company; IT'S THAI CANTEEN, LLC, a California limited liability Company; RURK SUPTHONG, an individual; SIRIN RANGSIYACHAT, an individual,

Defendants-counter-claimants-Appellants.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 13, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District Judge.

Plaintiffs-Appellants Tritaporn Sirisup and Sirisup, Inc. (Sirisup) appeal the district court's entry of summary judgment in favor of Defendants-Appellees It's Thai, LLC, It's Thai Canteen, LLC, Rurk Supthong, and Sirin Rangsiyachat (It's Thai) on cross-motions for summary judgment. The district court held that Sirisup's suit is precluded by a settlement agreement reached in a prior state court action. It's Thai cross-appeals the court's denial of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a). The parties are familiar with the facts and

---

[**] The Honorable John A. Woodcock, Jr., United States District Judge for the district of Maine, sitting by designation.

proceedings, and we will not state them except as necessary to explain our decision.

## I.

We review the grant of summary judgment de novo. *State Farm Mut. Auto. Ins. Co. v. Davis*, 7 F.3d 180, 182 (9th Cir. 1993).

Sirisup's claims are barred by the Superior Court settlement agreement, which included a mutual general release and a valid waiver of all known and unknown claims between the parties. The settlement agreement excluded only the then-stayed proceeding before the United States Patent and Trademark Office (USPTO) as to Sirisup's ownership of the "Pimai It's Thai" service mark from the general releases. It did not exclude the unfair competition claims advanced in the Superior Court action, as Sirisup now contends. The USPTO exclusion makes no mention of any "claim," or of infringement or unfair competition. Moreover, the settlement agreement plainly provides for the dismissal, with prejudice, of all the Superior Court claims, and for a settlement payment for the "full and complete settlement of the Superior Court Action."[1]

---

[1] The "Superior Court Action" is defined as Sirisup's lawsuit that alleged, *inter alia*, "unfair competition (common law), and unfair competition pursuant to California Business and Professions code section 17200."

3

The settlement agreement also bars Sirisup's federal trademark infringement claims, which are based entirely on the same It's Thai restaurant operations at issue in the Superior Court case. As Sirisup knew it had a potential trademark infringement claim against It's Thai that was dependent on the outcome of the USPTO action, it "had a duty to specifically exclude that claim" from the releases. *Edwards v. Comstock Ins. Co.*, 252 Cal. Rptr. 807, 810 (Cal. Ct. App. 1988). Sirisup's potential federal trademark infringement claims against It's Thai for any of It's Thai's then-existing operations were plainly released in the settlement agreement.

## II.

Under the Lanham Act, reasonable attorneys' fees may be awarded to prevailing parties in "exceptional cases." 15 U.S.C. § 1117(a). The discretionary determination of whether a case is exceptional is guided by the totality of the circumstances. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)). We review for abuse of discretion. *Id.* (citing *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748–49 (2014)).

It's Thai contends the district court applied the wrong legal standard to its request for Lanham Act fees. The district court held that this case was not "exceptional" under the *Octane Fitness* standard, properly considering factors similar to those identified in *Octane Fitness*, 134 S. Ct. at 1756 n.6, and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). *See SunEarth*, 839 F.3d at 1180–81. The district court's denial of attorneys' fees under the Lanham Act was not an abuse of discretion.

**AFFIRMED.**