**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LIVE GROUP OF USA, LLC, DBA Westwind Townhomes, | No.    16-35599 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01211-MJP |
| v. | MEMORANDUM[*] |
| MID-CENTURY INSURANCE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted June 7, 2018[**]
Seattle, Washington

Before:  BYBEE and N.R. SMITH, Circuit Judges, and HUCK,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Plaintiff-Appellant Live Group of USA, LLC ("Live Group") appeals from the entry of summary judgment in favor of its insurer, Defendant-Appellee Mid-Century Insurance Co. ("Mid-Century"), on its breach of contract claim. We review the grant of summary judgment de novo, *State Farm Mut. Auto. Ins. Co. v. Davis*, 7 F.3d 180, 182 (9th Cir. 1993), and apply Washington law to this diversity jurisdiction case. We affirm.

Live Group, the owner of an apartment building damaged in a fire, disputes the amount it was compensated for its structural damage and business interruption claims. For its property loss, Live Group was paid $165,600.95—the actual cash value calculated by Mid-Century ($161,899.83) plus the cost of repairs undertaken by Live Group ($4,701.12), less Live Group's deductible ($1,000). Live Group contends that it is owed an additional approximately $400,000 for future property repairs, but its policy unambiguously limits its recovery to actual cash value unless the lost property is actually repaired or replaced. Substantially identical terms have been upheld by the Washington Supreme Court. *See Hess v. N. Pac. Ins. Co.*, 859 P.2d 586, 589–90 (Wash. 1993). Live Group has offered no evidence that it undertook repairs entitling it to more than actual cash value, apart from those repairs already reimbursed. Live Group has also failed to show any dispute as to the actual cash value determination.

As to its business interruption claim, Live Group's policy covers its losses of business income until its operations can reasonably be restored. Mid-Century compensated Live Group for eight months of lost profits ($11,120). Live Group has not disputed Mid-Century's determination that the covered period was eight months, nor has it shown a dispute as to the amount it was paid to compensate it for its losses in that period. Although Live Group contends that it continues to suffer business interruption losses, it has not shown coverage for any uncompensated losses.

No reasonable jury could find Mid-Century breached the insurance policy by failing to pay Live Group additional amounts for these claims. The judgment of the district court is **AFFIRMED.**