NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELINA VELAZQUEZ,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>COURTYARD MANAGEMENT<br>CORPORATION,<br><br>             Defendant-Appellee. | Nos.  18-35330<br>        18-35718<br><br>D.C. No. 3:16-cv-01438-SB<br><br>MEMORANDUM* |

Appeals from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

In these consolidated appeals, Angelina Velazquez appeals pro se from the

district court's summary judgment in her employment action alleging federal and

state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *State Farm Mut. Auto. Ins. Co. v. Davis*, 7 F.3d 180, 182 (9th Cir. 1993).

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly granted summary judgment because Velazquez's action is barred by the settlement agreement between Velazquez and defendant's parent company, Marriott International, Inc. *See Pioneer Resources, LLC v. D.R. Johnson Lumber Co.*, 68 P.3d 233, 242 (Or. App. 2003) ("Releases are a species of settlement agreement and, as such, are favored by the law."); *Patterson v. Am. Med. Sys. Inc.*, 916 P.2d 881, 882 (Or. App. 1996) (if a release's terms "unambiguously express the intent of the parties, [the release] must be enforced accordingly"); *see also Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993) (interpretation of a settlement agreement is governed by principles of state contract law).

The district court did not abuse its discretion in awarding attorney's fees and costs to defendant because the settlement agreement expressly provided for such an award. *See Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1235 (9th Cir. 2000) (standard of review).

We reject as unsupported by the record Velazquez's contentions that the district court did not consider her evidence and that the district court ordered mediation which never occurred.

**AFFIRMED.**